IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS LEE GARTRELL, | ) | CASE NO. 3:16 CV 122 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| NEIL TURNER, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |

Before me by referral[1] in the matter of the *pro se* petition of Curtis Lee Gartrell for a writ of habeas corpus under 28 U.S.C. § 2254[2] is Gartrell's motion for the appointment of counsel.[3] The State, which has not yet filed a return of the writ,[4] has not responded to this motion.

It is well-established that because habeas proceedings are civil, not criminal, matters, habeas petitioners have no constitutional right to counsel in federal habeas actions.[5] In non-

---

[1] ECF # 5.

[2] ECF # 1.

[3] ECF # 7.

[4] *See*, ECF # 9 (granting motion for an extension of time to answer, and ordering that the answer/return of the writ be filed by April 25, 2016).

[5] *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964) (*per curiam*) (citations omitted).

capital cases, the appointment of counsel for such petitioners is deemed mandatory and in the interest of justice only whenever an evidentiary hearing is ordered.[6]

That said, federal statute provides that the habeas court has the discretion to appoint counsel for any petitioner proceeding as a pauper "if the interests of justice so require."[7] In exercising its discretion in such circumstances where the appointment is not mandatory, the district court should consider the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors.[8]

Here, Gartrell asserts two reasons why he should be given counsel: (1) he will be requesting oral argument to "get to the truth" of the alleged racial profiling that led to his arrest;[9] and (2) Gartrell is "indigent" and without the services of the person who helped prepare the petition.[10]

As regards those stated reasons, I note first that neither merely being indigent or without training in the law are adequate reasons of themselves for the appointment of counsel in habeas cases. As noted, there is no constitutional right to appointed counsel for indigent

---

[6] Rule 8(c), Rules Governing § 2254 Cases.

[7] 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).

[8] *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *Gammalo v. Eberlin*, 2006 WL 1805898, at *2 (N.D. Ohio June 29, 2006) (citing *Hoggard*).

[9] ECF # 7 at 1 ("this is a case of racial profiling from start to finish").

[10] *Id.*

petitioners in a non-capital habeas case.[11] Moreover, "the fact that the Constitution does not supply a right to counsel in habeas proceedings is not altered by circumstances in which a habeas petitioner is not a lawyer."[12]

That said, Gartrell's fundamental reason for seeking counsel - a desire to have an evidentiary hearing as to alleged racial profiling in the traffic stop that resulted in his arrest[13] - misapprehends the nature of federal habeas review. As the Sixth Circuit has clearly stated, where the issue has been decided on the merits by the state court, the federal habeas court is limited to the record that was before the state court.[14] This means that the sole focus of the federal habeas court's review is on "what the state court knew and did."[15] Therefore, even if new evidence were developed at an evidentiary hearing before the federal habeas court that goes to a claim previously adjudicated on the merits in the state court, the federal habeas court "must disregard" such new evidence.[16]

Thus, to the extent that Gartrell would seek an evidentiary hearing so as to develop new evidence on a the probable cause for his arrest, which issue has already been adjudicated on the merits in the Ohio courts, he would neither be entitled to an evidentiary hearing here

---

[11] *Murray v. Girratano*, 492 U.S. 1 (1989).

[12] *U.S. v. Pullen,* 2012 WL 116035, at * 2 (N.D. Ohio Jan. 13, 2012)(Gwin, J.).

[13] *See*, ECF # 1 at 7-8.

[14] *Fitzpatrick v. Robinson*, 723 F.3d 624, 633 (6th Cir. 2013)(citations omitted).

[15] *Id*. (citation omitted).

[16] *Id.* (citation omitted).

on that basis, nor be now entitled to the appointment of counsel to prepare for and conduct such a hearing.

Accordingly, for the reasons stated above, the *pro se* motion of Curtis Lee Gartrell for the appointment of counsel is denied.

IT IS SO ORDERED.


Dated: April 5, 2016  s/ William H. Baughman, Jr.
United States Magistrate Judge