IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS LEE GARTRELL, | ) | CASE NO. 3:16 CV 122 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| NEIL TURNER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Curtis Lee Gartrell for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Gartrell was convicted by a Marion County Court of Common Pleas jury in 2013 of drug trafficking[3] and is serving six years.[4] He is currently incarcerated at the Richland Correctional Institution in Mansfield, Ohio.[5]

In his petition, Gartrell raises five grounds for habeas relief.[6] The State has filed a motion to dismiss arguing that the petition should be dismissed because Gartrell has not

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Solomon Oliver, Jr. by non-document order dated January 29, 2016.

[2] ECF # 1.

[3] ECF #11-1, at 28.

[4] *Id.*

[5] http://www.drc.state.oh.us/OffenderSearch

[6] ECF # 1.

exhausted the first two grounds in his petition to the appropriate state courts.[7] Gartrell has filed objections to the motion.[8]

For the reasons that follow, I will recommend Gartrell's petition be dismissed in part and denied in part.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

In April 2013, the Marion County Grand Jury indicted Gartrell on one count of drug trafficking with a forfeiture specification.[10]  The indictment stemmed from a March 26, 2013 traffic stop of a taxi cab in which Gartrell was a passenger.[11]  During the stop, Gartrell admitted to having a bag of marijuana in his pocket and consented to a search of his luggage in the trunk, in which officers discovered 499 bindles of heroin.[12]  Gartrell also had over $1,700 cash on his person.[13]

---

[7] ECF # 11.

[8] ECF # 12.

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF # 11-1 at 94.

[11] *Id*.

[12] *Id*.

[13] *Id*.

The State filed a superseding indictment on November 1, 2013 indicting Gartrell on one count of trafficking heroin and one count of possession of heroin.[14]  The superseding indictment also included a forfeiture specification as to both counts.[15]

The trial court held a jury trial on the superseding indictment.[16] The jury found Gartrell guilty on both counts.[17]  The trial court merged Counts One and two for purposes of sentencing, and the State elected to proceed with sentencing on Count One.[18]  The trial court sentenced Gartrell to six years in prison and a fine.[19]

**B.     Direct Appeal**

*1.      Ohio Court of Appeals*

Gartrell, through counsel, filed a timely[20] notice of appeal[21] with the Ohio Court of Appeals. In his brief, Gartrell filed four assignments of error:

---

[14] *Id*. at 97-98.

[15] *Id*. at 98.

[16] *Id*. at 99.

[17] *Id.*

[18] *Id*.

[19] *Id.*

[20]   Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Gartrell's conviction and sentence were journalized on December 18, 2013 (*id.* at 28) and the notice of appeal was filed on January 17, 2014.

[21] *Id.* at 31.

1.    Trial court committed reversible error by denying defendant's motion to suppress evidence where officers did not have reasonable suspicion nor probable cause to follow the vehicle transporting Appellant Gartrell; nor did officers have reasonable suspicion nor probable cause to subsequently initiate a traffic stop of the vehicle, in violation of the Fourth Amendment of the U.S. Constitution and Article I Section 14 of the Ohio Constitution.  (Tr., Vol. I-III, *passim.*)

2.    Appellant Gartrell's convictions for trafficking and possession of heroin in an amount greater than 100 but less than 500 "bindles" were against the manifest weight of the evidence resulting in a miscarriage of justice, in violation of Section 3, Article IV of the Ohio Constitution, because the manifest weight of the evidence showed Mr. Gartrell possessed at most only 28 "bindles." (Tr., Vol. III., p. 449-491.)

3.    Appellant Gartrell's convictions for trafficking and possession were based in insufficient evidence as the State failed to prove beyond a reasonable doubt that Appellant Gartrell trafficked or possessed more than 28 "bindles," thereby violating the [sic] his rights under the due process clause of the Fourteenth Amendment and Article I, Section 16 of the Ohio Constitution. (Tr., Vol. III, p.449-491.)

4.    The trial court erred in overruling Appellant Gartrell's motion to dismiss the charges on the basis of speedy trial time pursuant to R.C. 2945.71 (Tr., Vol. I, 133-156.)[22]

The state filed a brief in response,[23] to which Gartrell filed a reply.[24]  The Ohio appeals court overruled all four assignments of error and affirmed the decision of the trial court.[25]

---

[22] *Id*. at 33.

[23] *Id.* at 63.

[24] *Id*. at 81.

[25] *Id*. at 92.

-4-

2.    *The Supreme Court of Ohio*

Gartrell, *pro se*, thereupon filed a timely[26] notice of appeal[27] with the Ohio Supreme

Court.  In his brief in support of jurisdiction, he raised three propositions of law:

1.    Mr. Gartrell's Fourth Amendment right was violated when the Third District Court of Appeals failed to reverse the Trail [sic] Court's Erroneous Decision when Officers conducted an Unreasonable search of the vehicle Mr. Gartrell was traveling in  because Officers did not have Reasonable Suspicion or Probable Cause to Initiate a Traffic stop on or to follow the vehicle.

2.    It constitutes a Miscarriage of Justice for Mr. Gartrell to be Convicted for Trafficking & Possession base [sic] upon Insufficient Evidence & it's against the Manifest Weight of the Evidence when Mr. Gartrell Possessed only 28 Bindles but was Convicted & Sentenced for Possession an Amount Greater than 100 but less than 500 Bindles, which is in violation of his 14th Amend. Right to Due Process of Law.

3.    Mr. Gartrell's right to a Speedy Trial pursuant to R.C. §2945.71 in violation of 6th & 14th Amendment Rights of the U.S. Constitution.[28]

The State did not file a response.  On May 20, 2015, the Ohio Supreme Court declined

to accept jurisdiction of the appeal under S.Ct.Prac.R. 7.08(B)(4).[29]  The record does not

indicate that Gartrell appealed to the U.S. Supreme Court.

_____

[26] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). The Ohio Court of Appeals affirmed the decision of the trial court on November 24, 2014 (*id*. at 92).  Gartrell's notice of appeal was filed on January 7, 2015 (*id*. at 154).

[27] *Id*.

[28] *Id*. at 157

[29] *Id*. at 235.

## C.    Petition for writ of habeas corpus

On January 19, 2016,  Gartrell, *pro se*, timely filed[30] a federal petition for habeas relief.[31] As noted above, he raises five grounds for relief:

|  |  |
|---|---|
| **GROUND ONE:** | Appellate Counsel violated Petitioner's 6th & 14th Amendment rights to counsel by waiting until 3 weeks had passed before he notified the Petitioner, that a decision had been made on his direct appeal as a right.  Which also, prevented the Petitioner from taking advantage of his legal options that had been made available to him, by the Ohio General Assembly. [Motion for Reconsideration 26(A)-due within 10 days of the appellate court reaching their decision & post-conviction petitioner-which was due 180 days after the transcripts were filed in the Court of Appeals].[32] |
| **GROUND TWO:** | Appellate counsel failed to advise Petitioner of all the legal options that were available to him, while representing his client on direct appeal as a right, and the time require [sic] to ensure that these legal options timely [sic].[33] |
| **GROUND THREE:** | There was no reasonable suspicion to pull the Taxi over that the Petitioner was riding in and The Trial Court errored [sic] in regards to this issue, as this was Racial Profiling.[34] |

---

[30]  The present petition for federal habeas relief was filed on January 19, 2016. ECF # 1. As such, it was filed within one year of the conclusion of Gartrell's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[31] ECF # 1.

[32] *Id*. at 4.

[33] *Id*.

[34] *Id*. at 7.

-6-

**GROUND FOUR:** The Officer responsible for the Traffic Stop, whose observation of speeding, was not present during the Traffic stop itself.  Nor was a Traffic Ticket ever issued in this case.[35]

**GROUND FIVE:** The conviction itself is against the Manifest Weight of the Evidence & bases on Insufficient Evidence.[36]

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Gartrell is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[37]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[38]

3.    In addition, my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[39]

4.    Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts

---

[35] *Id*.

[36] *Id*. at 9.

[37] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[38] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[39] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

by virtue of having been presented through one full round of Ohio's established appellate review procedure.[40]

5.     Finally, Gartrell is not represented by counsel.[41] He requested the appointment of counsel,[42] which was denied.[43] Also, he has requested an evidentiary hearing in his petition to develop the factual bases of his claims.[44]

## B.     Standards of review

### 1.     AEDPA review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[45] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[46]  Under AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

---

[40] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[41] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[42] ECF # 7.

[43] ECF # 10.

[44] 28 U.S.C. § 2254(e)(2). ECF # 1 at 9.  As stated by the Sixth Circuit, "federal courts are prohibited from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013) (citing *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011)).

[45] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[46]  *See* 28 U.S.C. § 2254 (2012).

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[47]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[48] and "difficult to meet,"[49] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[50]

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[51]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[52] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[53] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different

---

[47]  28 U.S.C. § 2254(d) (2012).

[48]  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[49]  *Id.* (citation omitted).

[50]  *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[51]  *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[52]  *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[53]  *Id.*

result.[54]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[55]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[56]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[57]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[58]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[59]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[60]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim

---

[54]  *Id.*

[55]  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[56]  *Id.*

[57]  *See id.*

[58]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[59]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[60]  *Id.*

-10-

being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[61] Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.      *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[62]    Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[63] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[64] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review"or "by definition preclude relief,"[65] it is indeed a difficult standard to meet.   "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual

---

[61]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[62]  *Brumfield*, 135 S.Ct. at 2277.

[63] 28 U.S.C. § 2254(e)(1) (2012).

[64]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[65]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

findings and to substitute its own opinions for the determination made on the scene by the trial judges."[66]

## 2. *Fair presentment*

The standard of review outlined by 28 U.S.C. § 2254(d) applies by its own terms only to habeas claims "adjudicated on the merits in State court proceedings.[67]  When a federal habeas claim was fairly presented to but not adjudicated on the merits by the state courts, the federal habeas court must evaluate that claim under the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[68]

The requirement of fair presentment initially involves the issue of exhaustion, since the fair presentment doctrine, like the exhaustion requirement itself, is rooted in important federal-state comity concerns.[69] If the petitioner does not present the same claim on the same theory to the state court as is presented to the federal habeas court, state courts do not have a fair opportunity to resolve the matter on the grounds asserted by the petitioner before the federal court review the state court decision under the AEDPA.[70]

---

[66] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

[67] 28 U.S.C. § 2254(d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[68] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007).  In circumstances not applicable here, federal courts employ a modified version of AEDPA deference to the state court decision in cases where the state court did not squarely address the petitioner's claim as a federal Constitutional claim, but its analysis nevertheless bears "some similarity" to the requisite analysis set forth in clearly established federal law. *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

[69] *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011).

[70] *Id.*, citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971).

In the Sixth Circuit, a petitioner may fairly present his federal claim to the state court in a number of different ways:

(a)     by relying on federal cases employing constitutional analysis;

(b)     by relying on state court cases employing federal constitutional analysis;

(c)     by phrasing the claim in terms of constitutional law or terms sufficiently particular as to allege a denial of a specific constitutional rights;

(d)     by alleging facts well within the mainstream of constitutional law.[71]

But, as the Sixth Circuit has emphasized, fair presentment is not established by showing that the claim presented to the state court was "somewhat similar" to the federal constitutional claim, or that both claims arose out of the same set of facts, or even that a federal claim should have been "self-evident" from the "ramifications" of the state-law claim.[72] "The bottom line is that [there is a lack of fair presentment where] the state courts were not called upon to apply the legal principles governing the constitutional claim now being presented to the federal courts."[73]

Where the petitioner did not present the federal claim but instead a state-law claim, the federal claim is not exhausted. But, when any attempt now to return to state court to

---

[71] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[72] *Id*.

[73] *Id*.

-13-

exhaust the federal issue would fail as untimely or as barred by *res judicata*, the federal claim is procedurally defaulted.[74]

### 3.       *Noncognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[75] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[76] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[77]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[78] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[79] Specifically, such violations are restricted to offenses

---

[74] *Id.*; *see*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (failure to timely exhaust a habeas claim in state court constitutes a procedural default).

[75] 28 U.S.C. § 2254(a).

[76] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[77] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[78] *Estelle*, 502 U.S. at 67-68.

[79] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[80]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[81] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[82] and may not second-guess a state court's interpretation of its own procedural rules.[83] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[84] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[85]

## C.  Application of standards

Gartrell's petition contains unexhausted and non-cognizable claims, as well as a manifest weight of the evidence claim that can be reviewed here only if it is construed as instead stating a substantial evidence claim.[86]  For the reasons that follow, I will review the claims in the petition consistent with the analytical roadmap suggested by the State.

---

[80] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[81] *Id.*

[82] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[83] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[84] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[85] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[86] *See*, ECF # 11 at 8, fn. 3.

### *1.* *Grounds One and Two*

In these two grounds, Gartrell alleges that his appellate counsel was ineffective for failing to timely notify him that the appellate court had entered a decision on his direct appeal,[87] and for failing to "advise Petitioner of all the legal options that were available to him."[88] Gartrell concedes in his petition that these grounds were not raised on direct appeal because he was represented on appeal by the same attorney that represented him at trial.[89] But, in his response to the State's motion to dismiss,[90] he did not acknowledge his failure to raise ineffective assistance of counsel in an Ohio Rule of Appellate Procedure 26(B) application to re-open his appeal. Moreover, the record does not show that Gartrell ever filed or attempted to file a delayed application to reopen this appeal under Ohio Rule 26(B), and thus these claims remain unexhausted and not procedurally defaulted.[91]

In *Rockwell v. Yukins*,[92] the Sixth Circuit addressed the issue of non-exhausted claims by initially noting that although exhaustion is not jurisdictional, the federal habeas court will

---

[87] ECF # 1 at 4 (Ground One).

[88] *Id*. (Ground Two).

[89] *Id*. at 3.

[90] *See*, ECF # 12.

[91] *See*, Ohio R. App. Pro. 26(B)(1) which states that an application to reopen is to be made within ninety days of the journalization of the appellate opinion unless the applicant shows good cause for a later filing; *see also, Brown v. Voorhies,* 2008 WL 686972, at * 13 (S.D. Ohio March 10, 2008).

[92] *Rockwell v. Yukins*, 217 F.3d 421 (6th Cir. 2000).

ordinarily not consider such claims "absent 'unusual' or 'exceptional' circumstances."[93] *Rockwell* reasoned that the reviewing habeas court should consider whether the interests of comity and federalism are better served by dismissing or denying the entire petition, or requiring additional state and federal court proceedings before getting to the merits of the unexhausted claim.[94] Indeed, the Sixth Circuit in *Harris v. Lafler* stated that one of the four valid options available to a district court dealing with a mixed petition is to "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims have any merit."[95] On the merits, the unexhausted grounds fail and should be denied.

Here, Gartrell's asserts that by waiting until three weeks after the appellate court entered its decision to inform Gartrell of that fact, the appellate attorney "prevented Gartrell from taking advantage of his legal options," including an motion to re-open the appeal, a motion for reconsideration, and a motion a post-conviction motion.[96]

One of the cases Gartrell relies on here - *Gunner v. Welch*[97] - held that an appellate attorney's "failure to advise the accused about Ohio's time constraints for filing a petition for state post-conviction relief amounted to ineffective assistance" such as would excuse a

---

[93] *Id*. at 423 (citing *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996)(quoting *Granberry v. Greer*, 481 U.S. 129 (1987)).

[94] *Id*.; *see also*, 28 U.S.C. § 2254(b)(2).

[95] *Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009)(citations omitted).

[96] ECF # 1 at 5.

[97] *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014).

procedural default of an ineffective assistance of trial counsel claim that could only be asserted in a post-conviction petition.[98]  Before *Gunner*, the Sixth Circuit in *Smith v. Ohio Department of Rehabilitation and Correction,*[99] also concluded in the context of excusing a procedural default that an appellate "counsel has the duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal."[100]

Here, the record shows that the decision on direct appeal was entered on November 24, 2014.[101]  Although no specific date appears in the record, Gartrell contends in the petition itself that his appellate counsel "wait[ed] 3 weeks to notify his client that a decision had been reached in his 1st appeal as of right."[102]  The record also shows that whenever that notification actually occurred, Gartrell timely filed a notice of appeal from the appeals court decision with the Supreme Court of Ohio.[103]

---

[98] *Andrews v. Warden*, No. 1:13 CV 727, 2014 WL 10435020, at * 12 (S.D. Ohio Oct. 27, 2014)(citing *Gunner*).

[99] *Smith v. Ohio Department of Rehabilitation and Correction,* 463 F.3d 426 (6th Cir. 2006).

[100] *Id*. at 434.

[101] ECF # 11  at 92.

[102] ECF # 1 at 5.

[103] *See*, ECF # 11 at 154 (showing the notice of appeal was docketed at the Ohio Supreme Court on January 7, 2015 - or 44 days after the entry of judgment in the court of appeals).

This chronology establishes first that, by virtue of filing the notice of appeal in the Ohio Supreme Court on January 7, 2015, Gartrell certainly knew of the appeals court decision well in advance of the time for filing a Rule 26(B) motion to re-open the appeal, which is 180 days after the entry of the appellate judgment, or May 23, 2015.  Second, the time for filing a post-conviction in the trial court was October 22, 2014 - or 180 days after April 25, 2014 -  the date the trial transcripts were filed in the appellate court.[104] As such, this date was prior to the appellate court decision, and so this filing date was unaffected by any alleged delay in notifying Gartrell of that decision.

Therefore, as to both a Rule 26(B) petition to re-open the appeal, and a post-conviction motion in the trial court, there is nothing here to show that any delay in notifying Gartrell of the date of the appellate court decision in his case could have had the effect of precluding him from taking either of those actions.

Finally, the date for filing for a motion to reconsider an appellate court decision in 10 day after that decision.[105]  I have not found any case authority for the proposition that either *Gunner* or *Smith* require an appellate attorney to notify a client of a decision on appeal within ten days so as to permit the client to submit a timely motion for reconsideration. Rather, the requirement that an appellate attorney timely notify a client of the decision of the appellate court is based on the fact that the Constitutional right to counsel as of the initial appeal does not terminate at the conclusion of that appeal, but extends to notifying the client of the result

---

[104] *Id.* at 250.

[105] Ohio App. Rule 26(A).

of the appeal so that the client would be able to make the "fundamental decision" about filing a further appeal.[106]

Further, even assuming that filing a motion for reconsideration is equivalent to the "fundamental"decision of filing an appeal - which, in the habeas context, carries with it ramifications for the question of exhaustion of remedies and/or for procedural default, *Smith* also required that a petitioner demonstrate that there was "a reasonable probability that, but for counsel's deficient failure to notify" the petitioner of the appellate court decision, the petitioner would timely have filed the notice of appeal.[107]

Simply put, when a petitioner alleges that counsel's failure to timely notify him of a decision resulted in him forfeiting participation in a subsequent proceeding, "the defendant must demonstrate that counsel's deficient performance actually caused the forfeiture."[108]  In *Smith*, the fact that the petitioner took no action to seek an appeal until approximately five months after his appellate counsel notified him of the appellate court's decision meant that this omission was not prejudicial to *Smith*, and so would not excuse the procedural default.[109] This "but for" test is, in this context, analogous to the *Strickland* standard, stated above, for determining ineffective assistance.

---

[106] *Smith*, 463 F.3d at 435.

[107] *Id*. at 435.

[108] *Id*.

[109] *Id*.

Here, there is no evidence that, but for counsel's failure to notify Gartrell within ten days of the appellate court's decision, he would have sought reconsideration of that decision. In fact, as noted above, despite knowing of the appellate decision in sufficient time to file a motion to reopen the appeal under Rule 26(B), Gartrell did nothing. Specifically, he did not assert in such a motion to reopen that appellate counsel prejudiced him by precluding a timely motion for reconsideration. Gartrell has not shown that the failure of his appellate counsel to notify him within ten days of the decision of his appeal constituted constitutionally ineffective assistance.

Accordingly, the Court should overlook the fact that Grounds One and Two are unexhausted, and deny them on the merits. Appellate counsel's representation was not constitutionally ineffective.

**2.     *Grounds Three and Four***

Gartrell's third and fourth grounds maintain that the traffic stop at issue here was unlawful under the Fourth Amendment. In *Good v. Berghuis*[110] the Sixth Circuit recently re-emphasized the rule of *Stone v. Powell*[111] that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas relief on the grounds that evidence obtained in an unconstitutional search and seizure was introduced at his trial."[112]   *Good* further stated that the "opportunity" referenced in

---

[110] *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013).

[111] *Stone v. Powell*, 428 U.S. 465.

[112] *Id.* at 493.

*Powell* "means an available avenue for the prisoner to present his claim to the state court, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim."[113]

The Sixth Circuit has previously found that the "mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is ... clearly adequate ... afford[ing] a litigant an opportunity to raise his claims in a fact-finding hearing and on direct review of an unfavorable decision."[114]  In this case, Gartrell did have a hearing before the trial court on precisely these issues[115] and appealed the unfavorable decision to the Ohio appeals court on direct review,[116] then raising the matter to the Ohio Supreme Court.[117] As such, he had exactly the opportunity to address these issues contemplated by *Powell* and *Riley*, and so, as was stated in *Good*, the federal habeas court has no warrant to make any further inquiry into the state court's resolution of those claims.

Therefore, Grounds Three and Four should be dismissed as non-cognizable.

---

[113] *Good*, 729 F.3d at 639.

[114] *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).

[115] *See*, ECF # 11, Attachment at 4-16.

[116] *Id.* at 33.

[117] *Id.* at 157.

-22-

### 3. *Ground Five*

In Ground Five, Gartrell contends that his conviction was against the manifest weight of the evidence. As the State observes, so stated, the claim is non-cognizable.[118] But, as has frequently been observed by courts in this District, a decision in Ohio that a conviction was not against the manifest weight of the evidence necessarily includes a determination that the conviction was supported by substantial evidence.[119] Thus, the Sixth Circuit has determined that when an Ohio *pro se* habeas petitioner asserts that a conviction is against the manifest weight of the evidence, that claim should be construed as raising the claim that the conviction was not supported by substantial evidence.[120] Here, the claim as presented to the Ohio appeals court was stated as both a manifest weight of the evidence claim and as a claim of insufficient evidence.[121]  The Ohio appeals court, therefore, analyzed it under both standards.[122]

As to sufficiency of the evidence, the Ohio court correctly stated the controlling law to be whether, after the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable

---

[118] *See*, ECF # 11 at 11.

[119] *Murphy v. Warden,* No. 1:12 CV 1951, 2014 WL 1355745, at *15 (N.D. Ohio April 2, 2014)(collecting cases).

[120] *Nash v. Eberlin*, 2007 WL 4438008, at * 3 n. 4, 258 F. App'x 761 (unpublished) (6th Cir. Dec. 14, 2007).

[121] *See*, ECF # 11, Attachment at 131.

[122] *Id.* at 131-145.

doubt.[123]  In connection with the drug trafficking convictions, and after setting out the relevant sections of the Ohio Revised Code, the court then observed that the only issues raised by Gartrell concerned whether the prosecution had proven the "quality and quantity of the drugs trafficked and possessed."[124]

Confining its review those issues, the Ohio court reviewed in detail the trial testimony of a forensic chemist with the Ohio Bureau of Criminal Investigation who testified as an expert as to how suspected drugs are tested for the presence of heroin. [125] The court then considered the cross-examination and re-direct examination of the expert, as well as the expert's response to questions submitted by the jurors.[126] It then also reviewed the trial testimony of other witnesses who heard Gartrell himself identify the substance involved as heroin.[127]

It finally considered whether this testimony was sufficient to support Gartrell's trafficking and possession convictions.[128]  It concluded that the evidence was present from which the jury could find that the substance involved was heroin, and that the heroin was in

---

[123] *Id.* at 132 (citations omitted).

[124] *Id.* at 135.

[125] *Id.* at 136-37.

[126] *Id.* at 137-40.

[127] *Id.* at 140.

[128] *Id.* at 140-141.

an amount greater than 100 units, but less than 500 units.[129]  It then addressed Gartrell's challenge to the fact that not every purported drug unit was tested (instead, a "hypergeometric sample" of the total seized units was tested).[130]  The court ruled that under Ohio law evidence taken by a random sample method is sufficient to support a finding that an entire amount recovered together and similarly packaged is of the same substance.[131]  It furthermore found that the expert had sufficiently explained the sampling method and its reliability to the jury.[132]

Therefore, on the basis of this analysis, and after applying the correct standard of review, the Ohio appeals court concluded that Gartrell's drug-trafficking and drug-possession convictions were supported by substantial evidence.[133]

Accordingly, inasmuch as the federal habeas court may set aside a state appellate court's finding that a conviction is supported by sufficient evidence only if that decision was "objectively unreasonable,"[134] and because, for the reasons detailed above, the state court decision here was not an objectively unreasonable application of the clearly established federal law of *Jackson*.   Ground Five should be denied.

---

[129] *Id.*

[130] *Id.* at 141.

[131] *Id.* at 142.

[132] *Id.* at 143.

[133] *Id.*

[134] *Coleman v. Johnson,* 566 U.S. 650 (2012)(*per curiam*).

## Conclusion

For the reasons stated above, I recommend that the pro se petition of Curtis Lee Gartrell for habeas relief should be dismissed in part and denied in part and Gartrell's request for an evidentiary hearing be denied.

Dated:   March 31, 2017                          s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[135]

---

[135] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).