UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CURTIS LEE GARTRELL, ) | Case No.: 3:16 CV 122 |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| NEIL TURNER, ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

On July 9, 2014, Petitioner Curtis Lee Gartrell ("Petitioner" or "Gartrell") filed a Petition for Writ of Habeas Corpus ("2254 Petition") (Pet., ECF No. 1) pursuant to 28 U.S.C. § 2254 in the above-captioned case, challenging his conviction and sentence on one count of drug trafficking with a forfeiture specification. As a result of the conviction, Petitioner was sentenced to six years in prison. He argues that his 2254 Petition should be granted based on the following five grounds:

> I. Appellate counsel violated Petitioner's 6th & 14th Amendment rights to counsel by waiting until 3 weeks had passed before he notified the Petitioner, that a decision had been made on his direct appeal as a right. Which also, prevented the Petitioner from taking advantage of his legal options that had been made available to him, by the Ohio General Assembly. [Motion for Reconsideration 26(A)-due within 10 days of the appellate court reaching their decision & post-conviction petitioner-which was due 180 days after the transcripts were filed in the Court of Appeals].

> II. Appellate counsel failed to advise Petitioner of all the legal options that were available to him, while representing his client on direct appeal as a right, and the time require[d] to ensure that these legal options [were] timely.

> III. There was no reasonable suspicion to pull the Taxi over that the Petitioner was riding in and The Trial Court errored [sic] in regards to this issue, as this was Racial Profiling.

> IV. The Officer responsible for the Traffic Stop, whose observation of speeding, was not present during the Traffic stop itself. Nor was a Traffic Ticket ever issued in this

  case.

  V. The conviction itself is against the Manifest Weight of the Evidence & based on Insufficient Evidence.

(Pet. 4, 7, 9.) Additionally, Petitioner requests an evidentiary hearing. (*Id.* at 9.)

  Pursuant to Local Rule 72.2, the case was referred to Magistrate Judge William H. Baughman ("Magistrate Judge" or "Judge Baughman"), on January 29, 2016, for preparation of a Report and Recommendation ("R & R"). On April 22, 2016, Respondent Neil Turner ("Respondent") filed a Motion to Dismiss, arguing that Gartrell had not exhausted the first two grounds in his 2254 Petition to the appropriate state courts. (ECF No. 11, at 2.) Gartrell filed Objections to the Motion to Dismiss on May 11, 2016. (ECF No. 12.)

  On March 31, 2017, Judge Baughman submitted an R & R, recommending that Grounds I, II, and V be denied on the merits, and Grounds III, and IV be dismissed. (R & R 16, 22, 25, ECF No. 14.) First, the Magistrate Judge recommends that this court should overlook that fact that Grounds I and II are unexhausted and deny them on the merits because Gartrell has failed to demonstrate that, but for appellate counsel's failure to notify him of the appellate court's decision, he would have sought to file a motion to reconsider the decision or a post-conviction motion in the trial court. (*Id.* at 21.) Next, Judge Baughman recommends that Grounds IV and V be dismissed as non-cognizable because Petitioner had an opportunity for full and fair litigation of his Fourth Amendment claims before the state trial and appellate courts. (*Id.* at 21–22.).

  Finally, considering Ground V as one alleging insufficient evidence, Judge Baughman recommends that the claim be denied. (*Id.* at 25.) Based on the record, Judge Baughman finds that the state appellate court's decision was not an objectively unreasonable application of clearly established federal law. (*Id.*) The Magistrate Judge also recommends denying Gartrell's request for

an evidentiary hearing. (*Id.* at 26.)

As of the date of this Order, Petitioner has not filed objections to the R & R. By failing to timely object, Petitioner has waived the right to appeal this court's Order. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985)*; United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). After careful review of Judge Baughman's R & R and all other relevant documents in the record, the court finds no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *Arn*, 474 U.S. at 150 ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). Accordingly, the court adopts Judge Baughman's R & R its entirety and hereby dismisses in part and denies in part Gartrell's Petition for Writ of Habeas Corpus (ECF No. 1). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

April 28, 2017